## UNITED STATES of America, Plaintiff–Appellee,

v.

## Robert Eugene BOYD, Defendant–Appellant.

No. 99–30282.

D.C. No. CR–98–00508–FR.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Robert Eugene Boyd appeals his conviction by guilty plea for one count of use and carrying of a firearm during commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

First, Boyd contends that the district court erred in taking his guilty plea by failing to advise him of the nature of the § 924(c) and § 2 charge, as required by Federal Rule of Criminal Procedure 11(c)(1). Because Boyd failed to raise the alleged Rule 11 error before the district court, our review is for plain error. *United States v. Vonn,* — U.S. —, —, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

Even if the district court erred by not explaining aiding and abetting liability, Boyd's substantial rights were not affected. *See United States v. Minore,* 292 F.3d 1109, 1117 (9th Cir.2002). The superseding indictment, signed plea agreement, and Boyd's admissions and his counsel's comments at the plea proceeding make clear that he understood the nature of the charge. *See Vonn,* — U.S. at —, 122 S.Ct. at 1055 (citing *Bousley v. United States,* 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

Boyd's additional contention that the district court erred by failing to define

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

"firearm," as the term is used in § 924(c), has no merit. The record reveals that Boyd understood the charge derived from the use of an actual firearm, within the meaning of § 924(c).

Next, Boyd contends that the factual basis was inadequate to sustain his conviction under 18 U.S.C. § 924(c). *See* Fed. R.Crim.P. 11(f). We conclude that there was no plain error because the uncontested presentence report, in conjunction with Boyd's admissions at the change of plea hearing and in the signed plea agreement, provided an adequate factual basis for the plea. *See United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir.1995) ("To establish a factual basis for the plea, the court may consider all of the evidence before it at the time of judgment").

Finally, Boyd argues that the district court erred in failing to allow him to withdraw his guilty plea to Count 2 of the superseding indictment. Because Boyd never moved to withdraw the guilty plea, we find no error.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.